# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Eastern Missouri Concrete, LLC d/b/a Mark Twain Ready Mix, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:25-cv-1427<br>) |
| Mark Twain Holding Company, LLC d/b/a Mark Twain Redi-Mix, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Eastern Missouri Concrete, LLC d/b/a Mark Twain Ready Mix ("Plaintiff"), brings this action against Defendant Mark Twain Holding Company, LLC d/b/a Mark Twain Redi-Mix ("Defendant"), and alleges as follows:

## INTRODUCTORY STATEMENT

This is an action to remedy Defendant's repeated and continuing willful false designation of origin, dilution and unfair competition concerning Plaintiff's trademarked business name, and is an action to protect the public from confusion created by Defendant's unlawful conduct. Unless this Court intervenes, Defendant will continue to injure Plaintiff and the public.

## PARTIES

1. Plaintiff is a Missouri limited liability company having a place of business at 2241 West Outer Highway 61, Moscow Mills, Missouri 63362. Its sole member is BMC Enterprises, Inc. ("BMC"), a Missouri corporation.

2. Upon information and belief, Defendant is a Missouri limited liability company with a place of business at 12231 Manchester Road, St. Louis, Missouri 63131.

**JURISDICTION AND VENUE**

3. This action arises under the Lanham Act, 15 U.S.C. § 1025 *et seq.* and Missouri state law.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), wherein a substantial part of the events giving rise to Plaintiff's claims occurred in this District and further wherein Defendant may be found and/or resides in this District by virtue of its principal place of business and activities in this District, including that Defendant advertises its services in the United States and in this District at its website (https://marktwainredimix.com) and has committed acts of false designation of origin, dilution and unfair competition in this District.

6. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

**BACKGROUND FACTS**

7. Plaintiff operates permanent ready-mix concrete plants in Moscow Mills, Wright City, Bowling Green, and Hannibal, Missouri, and supplies its ready-mix concrete throughout the Missouri/Illinois bi-state area.

8. Plaintiff's sole member is BMC, which is the largest producer of concrete in the region, including in Missouri, Illinois, and Arkansas.

9. Like Plaintiff, Defendant supplies ready mix concrete.

10. Upon information and belief, as of approximately 2018, Defendant's business operated predominantly from portable concrete plants, and Defendant had no permanent plants,

nor any intent to build any permanent plants, within a fifty mile radius of Plaintiff's four permanent plants.

11. In May of 2018, Plaintiff and Defendant entered into a transaction whereby Plaintiff purchased certain assets from Defendant pursuant to an Asset Purchase Agreement ("APA").

12. As part of the APA, the parties agreed to certain Illinois- and Missouri-based geographic restrictions to Defendant's manufacture, sale, supply or transport of ready-mix concrete and agreed the restrictions would remain in place for a period of five years. The restrictions prohibited Defendant and its shareholders from, among other things, building a permanent plant within fifty miles of Plaintiff's four locations and from using Defendant's portable plants to sell manufacture or transport ready-mix concrete within a twenty-five mile radius around Plaintiff's four locations.

13. In May of 2018, and again in June of 2023, Plaintiff filed Missouri fictitious name registrations for the name "Mark Twain Ready Mix". Consistent with its filings and since 2018 through the present, Plaintiff consistently operated under the name "Mark Twain Ready Mix" by manufacturing, selling, supplying and transporting ready mix concrete using the name "Mark Twain Ready Mix" in the St. Louis metropolitan area ("Plaintiff's Mark Twain Trademark").

14. Plaintiff's fictitious name registrations and use of Plaintiff's Mark Twain Trademark were and continue to be consistent with the parties' agreement in the APA that (i) Plaintiff "shall be permitted to use the name 'Mark Twain Ready-Mix" or any similar name in connection with the Business" and (ii) if "reasonably required," the parties would cooperate to enter into a "perpetual, royalty-free right and license" for use of the Plaintiff's Mark Twain Trademark. Importantly, the parties agreed they could, although they never did, enter into such a

license and absent such a license, the benefits of Plaintiff's uses necessarily inured to the benefit of Plaintiff.

15. To the best of Plaintiff's information and based in part on the APA restrictions prohibiting Defendant from operating within a certain area around Plaintiff's concrete plants, Plaintiff's established use of the Plaintiff's Mark Twain Trademark relating to concrete goods and services since May of 2018 has been exclusive from and around its four physical plant locations in Moscow Mills, Wright City, Bowling Green, and Hannibal, Missouri area and surrounding environs, within at least a twenty-five mile radius around each of these locations in Missouri and extending into Illinois ("Plaintiff's Exclusive Trademark Zone").

16. During this period of exclusive use starting in May of 2018, Plaintiff built up substantial common law trademark rights in Plaintiff's Mark Twain Trademark within Plaintiff's Exclusive Trademark Zone.

17. Also during this period of exclusive use, Plaintiff did not experience any confusion with Defendant, which was prohibited from operating in Plaintiff's Exclusive Trademark Zone for five years from entry of the APA and indeed did not operate in Plaintiff's exclusive Trademark Zone for over seven years from entry of the APA.

18. Upon information and belief, in or about June 2025, Defendant announced plans to open, and since has started to operate, a permanent concrete plant under the name "Mark Twain Redi-Mix" in the same town – Moscow Mills, Missouri – and within five miles of where Plaintiff operates its Moscow Mills permanent concrete plant under the name "Mark Twain Ready Mix".

19. "Mark Twain Redi-Mix" is virtually identical to Plaintiff's Mark Twain Trademark.

20. The goods and services at Defendant's plant in Moscow Mills, Missouri are identical to Plaintiff's goods and services already used in connection with Plaintiff's Mark Twain Trademark.

21. Defendant's geographic location for its new permanent concrete plant is within Plaintiff's Exclusive Trademark Zone, including in the very same town of Moscow Mills, Missouri, where Plaintiff has been operating a permanent concrete plant and continuously using Plaintiff's Mark Twain Trademark in connection with its goods and services at its Moscow Mills plant for the last seven years.

22. Any use of the virtually identical "Mark Twain Redi-Mix" phrase in Plaintiff's Exclusive Trademark Zone for overlapping services is likely to confuse consumers regarding the origin of these concrete goods and services and/or an affiliation among Plaintiff and Defendant.

23. Indeed, Plaintiff has already experienced instances of confusion.

24. Plaintiff subsequently notified Defendant of Plaintiff's rights as well as the actual confusion and likelihood of confusion occurring in the marketplace.

25. Despite actual knowledge of Plaintiff's preexisting rights, the distinctive nature of Plaintiff's Mark Twain Trademark, and Plaintiff's warning about confusion caused by Defendant's proposed use of the "Mark Twain Redi-Mix" name in Plaintiff's Exclusive Trademark Zone, Defendant nevertheless has begun and continues to use its confusing name in interstate commerce on overlapping goods and services, in an apparent attempt at unfairly compete in the marketplace by passing itself off as Plaintiff and/or diluting Plaintiff's reputation with Defendant's potentially inferior goods and services absent any license, consent or agreement from Plaintiff.

## COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT, 15 U.S.C. § 1125)

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Consumers have come to identify Plaintiff's Mark Twain Trademark in interstate commerce with Plaintiff's concrete business at least within Plaintiff's Exclusive Trademark Zone.

28. Defendant has made, and is making, misleading statements of fact, with actual knowledge of Plaintiff's rights and doing so is likely to create confusion in the marketplace as to the origin of Defendant's goods and services as coming from and or being affiliated with Plaintiff.

29. Defendant's adoption and use of a mark so similar to Plaintiff's Mark Twain Trademark in Plaintiff's Exclusive Trademark Zone has caused, and continues to cause, irreparable harm.

30. Defendant's statements have the capacity to deceive a substantial segment of potential consumers, creating a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, diluting Plaintiff's reputation through, and creating unfair competition in the marketplace.

31. The deception is material, in that it is likely to influence a consumer's purchasing decisions based on the false and deceptive appearance of an affiliation, connection or association, sponsorship or approval of Defendant's services by Plaintiff.

32. Plaintiff has been or is likely to be injured as a result of Defendant's unlawful conduct.

6

## COUNT II – UNFAIR COMPETITION AND PASSING OFF
### (MISSOURI LAW)

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. Defendant is unlawfully free-riding and passing off of Plaintiff's goodwill and rights associated with the Mark Twain Trademark within Plaintiff's Exclusive Trademark Zone by putting into use in commerce the virtually identical name on overlapping and/or related services within that Exclusive Trademark Zone, including within the very same town of Moscow Mills where Plaintiff has been exclusively using its Mark Twain Trademark for the last seven years in connection with its permanent concrete plant.

35. Defendant is intentionally passing off or attempting to pass off goods or services of its own as the goods or services of Plaintiff, and/or misappropriating Plaintiff's trademarks and goodwill, with knowledge of Plaintiff's intellectual property assertions.

36. Plaintiff has been or is likely to be injured as a result of Defendant's unlawful conduct.

## COUNT III – TRADEMARK DILUTION
### (RSMO § 417.061)

37. Plaintiff incorporates by reference Paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff's Mark Twain Trademark is distinctive and Plaintiff has acquired common law Missouri rights in its trademark through the sale of its concrete goods and services within Plaintiff's Exclusive Trademark Zone.

39. Defendant's actions, as described above, constitute imitations of Plaintiff's distinctive trademark and are likely to dilute the distinctive quality of Plaintiff's trademark in violation of Missouri's Anti-Dilution Statute.

40. Defendant's actions described above have at all times been willful and/or knowing.

41. Plaintiff has been or is likely to be injured as a result of Defendant's unlawful conduct.

## JURY TRIAL REQUEST

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment as follows:

A. That the Court find unfair competition, passing and palming off, misappropriation of intangible trade values, dilution, false designation of origin, and deceptiveness by Defendant under federal and state law based upon Defendant willfully engaging in and continuing to use the name "Mark Twain Redi-Mix" substantially similar to Plaintiff's trademark "Mark Twain Ready Mix" on identical goods and services in interstate commerce and in the Eastern District of Missouri;

B. That the Court enjoin Defendant's use or display of Plaintiff's trademark "Mark Twain Ready Mix" or any confusing variation thereof, including "Mark Twain Redi-Mix" within Plaintiff's Exclusive Trademark Zone;

C. That Defendant immediately account for all sales and profits made from any services using the name "Mark Twain Redi-Mix" and/or that the Court award to Plaintiff a disgorgement of all of Defendant's profits, actual damages, and such other monetary relief as is allowed under applicable law;

D. That this case be deemed an exceptional case based upon Defendant's willful conduct and reckless disregard of Plaintiff's rights;

E. That Plaintiff be awarded costs and attorneys' fees, and prejudgment and post-judgment interest, pursuant to applicable law; and

      F.    That Plaintiff be awarded such other and further relief as the Court deems just and appropriate.

Dated:  September 22, 2025              **LEWIS RICE LLC**

By: /s/ *Michael J. Hickey*
Michael J. Hickey, #47136 (MO)
Bridget Hoy, #50733 (MO)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  (314) 444-7600
Facsimile: (314) 241-6056
Email: mhickey@lewisrice.com
       bhoy@lewisrice.com

*Attorneys for Plaintiff Eastern Missouri Concrete, LLC d/b/a Mark Twain Ready Mix*

9